Michael NORWOOD, Appellant

v.

Frank STRADA.

No. 06–3352.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 25, 2007.

Filed: Oct. 2, 2007.

Michael Norwood, Lewisburg, PA, pro se.

Stephen R. Cerutti, II, Office of United States Attorney, Harrisburg, PA, for Frank Strada.

Before: SCIRICA, Chief Judge,
FUENTES and SMITH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Michael Norwood, a Muslim inmate currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, seeks review of the district court's grant of summary judgment in favor of appellee, Warden Frank Strada. For the reasons that follow, we will affirm.

I.

Norwood filed a complaint on November 21, 2005, alleging that his constitutional right to the free exercise of his religion was violated under the Religious Freedom Restoration Act ("RFRA").[1] Strada filed a motion to dismiss or, in the alternative, for summary judgment on February 7, 2006. In a report and recommendation issued on April 20, 2006, the magistrate judge concluded that a motion to dismiss was not proper as "[a] reasonable factfinder could conclude that not being able to eat seven consecutive meals is a substantial burden on a prisoner's exercise of his religion." Construing Strada's further arguments under the RFRA as ones for summary judgment, the magistrate judge also noted that Strada "ha[d] not met his burden of establishing that feeding the inmates the bagged meals that were fed in this case was the least restrictive means of advancing" a compelling governmental interest in feeding the entire prison population during an emergency lock-down. Strada objected to the report and recommendation noting that Norwood's complaint had only alleged that he had been denied portions of the seven meals at issue. Further, Strada noted, the partial (or even total) reduction of only seven meals could not have constituted a substantial burden on the exercise of Norwood's religious beliefs.

On June 27, 2006, the district court issued an order granting Strada's motion. The district court determined that Norwood failed to sufficiently plead that his religious beliefs had been substantially burdened during the lock-down. The court noted that assuming Norwood's allegations were true, at least parts of the meals served were acceptable. Further, the court noted, Norwood failed to allege that he had been forced to act in a manner which violated his religious beliefs. The court also found that any amendment to Norwood's complaint would have proven futile. On July 7, 2006, Norwood filed a timely motion to alter or amend. The district court rejected this motion, noting that "[e]ven assuming for the purposes of summary judgment that Norwood can show that he was unable to eat any meals on May 16 and 17, he cannot show that this constituted a substantial burden on his religious beliefs as required under the RFRA." Further, Norwood had not "provided any argument or evidence to show

1. On May 15, 2005, Lewisburg's prison population was placed on emergency lock-down status and all prisoners were confined to their cells. The lock-down began after the lunch meal on May 15, 2005, and was lifted before the breakfast meal on May 18, 2005. As a result of the lock-down, Norwood alleges that he did not receive a religiously certified (halal) meal, as he admits he usually receives, until the morning of May 18, 2005. Thus, portions of, or all of, the contents of seven prison meals are ultimately in question.

that brief fasting would violate his religious beliefs." Norwood filed a timely appeal of the district court's June 27 order.[2]

## II.

Under the RFRA, the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb–1(a). Once a plaintiff establishes a prima facie claim under the RFRA, the burden shifts to the government to demonstrate that "application of the burden" to the claimant "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb–1(b)(1–2).[3] The RFRA does not explain what constitutes a "substantial burden" on the exercise of religion. We have stated, however, that within the related context of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), a "substantial burden" "exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs."[4] *Washington v. Klem,* 497 F.3d 272, 280 (3d Cir.2007); *see also Thomas v. Review Bd. of Ind. Employment Sec. Div.,* 450 U.S. 707, 718, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981); *Sherbert v. Verner,* 374 U.S. 398, 404, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963).

Norwood failed to submit sufficient evidence of a substantial burden on his religion in opposition to Strada's motion for summary judgment. See Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Requiring a prisoner to eat food forbidden by his religion's dietary regimen may "substantially burden" one's religious practice and the cases generally indicate that prison administrators must provide an adequate diet without violating an inmate's religious dietary restrictions in order not to unconstitutionally burden free exercise rights. *See Williams v. Morton,* 343 F.3d 212, 219 (3d Cir.2003) ("Where a prison affords the inmate alternative means of

2. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review of the district court's order granting summary judgment in appellee's favor. *See DeHart v. Horn,* 227 F.3d 47, 50 (3d Cir. 2000).

3. As was the case in *Adams v. Commissioner of Internal Revenue,* 170 F.3d 173, 175 (3d Cir.1999), it appears that the "parties do not contest the constitutionality or the applicability of RFRA to the case at hand." Thus, as they seem to agree that the RFRA applies to the federal government, we again "assume without deciding that RFRA is constitutional as applied to the federal government." *Id.* (citing *Alamo v. Clay,* 137 F.3d 1366, 1367

(D.C.Cir.1998)); *cf. City of Boerne v. Flores,* 521 U.S. 507, 535–36, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997).

4. The RLUIPA was passed in response to the Supreme Court's decision striking down the RFRA as applied to state law. *See City of Boerne v. Flores,* 521 U.S. 507, 532–36, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). For the purposes of this opinion, it is sufficient to note that the provisions of the RLUIPA are nearly identical to the RFRA. *Cf. Navajo Nation v. U.S. Forest Service,* 479 F.3d 1024, 1033 (9th Cir.2007) ("Even after RLUIPA, RFRA plaintiffs must prove that the burden on their religious exercise is 'substantial.' ")

expressing his or her religious beliefs, that fact tends to support the conclusion that the regulation—here providing a vegetarian meal rather than one with meat—is reasonable"); *see also DeHart,* 227 F.3d at 55, 56 (finding that Buddhist plaintiff whose request for a vegetarian diet was denied because vegetarianism was not an absolute requirement of Buddhism had stated a free exercise claim, and remanding for further factual findings regarding the existence of countervailing penological interests); *Makin v. Colo. Dep't of Corr.,* 183 F.3d 1205, 1211 (10th Cir.1999) (prison officials' failure to accommodate inmate's meal requirements during the Muslim holy month of Ramadan violated his First Amendment right to free exercise of his religion). In essence, this is a constitutional right not to be forced into a Hobson's choice of either eating food items which offend one's religious beliefs, or eating very little or not at all.

The issue here, however, is much more circumscribed; it is whether a short denial of such a diet during an emergency lockdown was a "substantial burden," or a mere de minimis intrusion. *Cf. McEachin v. McGuinnis,* 357 F.3d 197, 203 n. 6 (2d Cir.2004) (stating that within the context of free exercise "[t]here may be inconveniences so trivial that they are most properly ignored. In this respect, this area of the law is no different from many others in which the time-honored maxim '*de minimis non curat lex*' applies"). As the district court noted, it is incredible that in such a short time period Norwood would have been forced to abandon one of the precepts of his religion, or that he would have felt substantial pressure to modify his beliefs. Thus, we determine that Norwood failed to submit sufficient evidence that his religious beliefs were substantially burdened. *Compare Ford v. McGinnis,* 352 F.3d 582, 594 n. 12 (2d Cir.2003) (indicating that a prisoner's religious beliefs were substantially burdened by not being served one meal for the Eid ul Fitr feast, but noting that the "feast is sufficiently unique in its importance within Islam to distinguish the present case from those in which the mere inability to provide a small number of meals commensurate with a prisoner's religious dietary restrictions was found to be a de minimis burden"), *Rapier v. Harris,* 172 F.3d 999, 1006 n. 4 (7th Cir.1999) (holding unavailability of pork-free meals on three out of 810 occasions constituted only a de minimis burden on prisoner's religion and was not a violation of Free Exercise Clause), *and Omar v. Casterline,* 414 F.Supp.2d 582, 593 (W.D.La.2006) (holding that "the refusal to hold three meals because of Ramadan states only a *de minimis* imposition on ... free exercise rights") *with Lovelace v. Lee,* 472 F.3d 174, 187–89 (4th Cir.2006) (concluding that a prisoner's religious exercise rights were substantially burdened when a disciplinary policy excluded him from special Ramadan meals during nearly the whole duration of the holy month and, during twenty-four of the thirty days of Ramadan, excluded him from participating in daily group prayers), *and Makin,* 183 F.3d at 1211–14.

Accordingly, we will affirm the district court's order.